NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES SONNTAG, | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | **OPINION** |
| v. | Civil Action No.08-1952 (DMC) |
| MICHAEL POWERS, et al., | |
| Respondents. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon application by Petitioner Charles Sonntag ("Petitioner") for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 78 no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of the Court that Petitioner's application for a writ of *habeas corpus* is **denied**.

I.  **Background**[1]

   A.  **Factual Background**

Petitioner is currently incarcerated at East Jersey State Prison in Rahway, New Jersey where he is serving a 15 to 112 year sentence for four counts of aggravated sexual assault, three counts of aggravated assault with a weapon, and one count each for kidnaping and terroristic threats (threat to kill).

On September 29, 1979, Petitioner, his wife Michelle, Tom Koren and Barbara DiCiolla

---

[1] The facts set forth in this Opinion are taken from the statements in the parties' respective papers.

1

kidnaped "L.B." and her five-year-old son and took them to Petitioner's apartment in Lodi, New Jersey. Petitioner and his co-defendants proceeded to take turns beating, sexually assaulting and repeatedly raping L.B.[2]

Early in the morning on September 30, 1979, co-defendant Barbara DiCiolla, posing as L.B.'s sister, brought L.B. to Saddle Brook General Hospital. After arriving, L.B. called Petitioner and made arrangements for him to drop her son off at a local 7-11 store. The police went to the store, and collected L.B.'s son. Petitioner and his co-defendants were arrested shortly thereafter.

### B. Procedural Background

On June 6, 1980, a jury convicted Petitioner of kidnaping, three counts of aggravated assault with a weapon, four counts of aggravated sexual assault, and terroristic threats. On September 8, 1980, Petitioner was sentenced to thirty years with a fifteen-year parole ineligibility period for kidnaping, seven years consecutive for aggravated assault with a blackjack, seven years consecutive for aggravated assault with a knife, four years consecutive for aggravated assault with a wrench, and fifteen years consecutive for each of the four counts of aggravated sexual assault. In total, Petitioner was sentenced to a 112 years, with a 15-year mandatory minimum term. Petitioner's sentence was offset by time served, 344 days.

Petitioner became eligible for parole for the second time on April 14, 2005. On January 11, 2005, a New Jersey State Parole Board ("Board") hearing officer conducted an initial parole hearing, and referred Petitioner's case to a two-member panel. On April 14, 2005, Petitioner's parole hearing was deferred because the two-member panel requested an in-depth psychological evaluation. On May 31, 2005, the two-member panel conducted a hearing, denied parole, and referred the case to

---

[2]Due to the heinous and depraved nature of the assaults Petitioner and his co-defendants inflicted on L.B. the details of the assaults have been omitted from this Opinion.

2

a three-member panel to consider establishing an extended future eligibility term ("FET") pursuant to N.J.A.C. 10A:71-3.21(d).  On August 10, 2005, the three-member panel considered Petitioner's case and established a sixteen-year FET.  The three-member panel based its decision on the following factors: prior criminal record; the escalating nature of Petitioner's crimes; Petitioner's multi-crime conviction; the failure of prior probation to deter criminal behavior; the failure of prior incarceration to deter criminal behavior; institutional infractions serious enough to result in loss of commutation time; insufficient resolution of Petitioners psychological problems, including lack of insight into criminal behavior and minimization of conduct as demonstrated by the panel interview; documentation in Petitioner's case file; confidential reports; and risk assessment.  The panel noted that Petitioner's "crime was extremely violent and little or nothing appears to have been done to deal with the issues involved.  No progress [has been] seen."  The panel noted several mitigating factors in Petitioner's favor.  Specifically, that he had participated in programs regarding behavior, in institutional programs, and received notations of average to above average on his institutional reports.

On October 14, 2005, Petitioner was served with the three member panel's October 12, 2005, narrative notice of decision.  On October 17, 2005, Petitioner administratively appealed the three-member panel's decision to the full Board.  On February 8, 2006, the full Board affirmed the panel's decision.  Although Petitioner attempted to re-appeal the decision, his re-appeal was rejected by the Board.  Petitioner then appealed the full Board's February 8, 2006, decision to the New Jersey Superior Court, Appellate Division, pursuant to New Jersey Court Rule 2:2-3.  On May 7, 2007, the Appellate Division affirmed the denial of parole and the imposition of a sixteen-year FET.  In so doing, the Appellate Division rejected Petitioner's claims that his parole eligibility dates were incorrectly calculated; the Board's decision violated the New Jersey and United States Constitutions;

the parole denial was unsupported by the facts; and the Board's decision was otherwise arbitrary and capricious. On May 15, 2007, Petitioner filed a petition for certification to the New Jersey Supreme Court, which was denied.

On April 21, 2008, Petitioner filed the within application for *habeas corpus* pursuant to 28 U.S.C. §2254. On May 5, 2008, the Court ordered Respondents to file opposition by June 20, 2008. On June 18, 2008, Respondents sent a letter to the Court requesting an additional thirty (30) days to file a response. On July 1, 2008, the Court signed an order granting Respondents' request for an extension of time to respond. On July 17, 2008, Respondents filed opposition.

## II.  Legal Standard

28 U.S.C. § 2254 provides that a *habeas corpus* application

> shall not be granted with respect to any claim that was adjudicated on the merits in [s]tate court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.

Additionally, §2254(e)(1) provides that "a determination of a factual issue made by a [s]tate court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  Where a state court reaches a "conclusion opposite to that of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts" that court's conclusion is contrary to federal law, and a writ of *habeas corpus* would be warranted. Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002) (citing Williams v. Taylor, 529 U.S. 362, 413, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000)). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle [] but unreasonably applies that principle to the facts of the

prisoner's case." Williams, 529 U.S. at 413. "[A] federal court can also grant habeas relief if a state court unreasonably determined the facts in light of the evidence presented to it." Marshall, 307 F.3d at 51. A federal court may not grant habeas relief merely because it "would have reached a different result if left to [its] own devices." Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000). Rather, relief may be grant only if "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

As pointed out by Respondent, there is no federal right to parole. State governments, however, may create a parole entitlement protected by the Due Process Clause. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). New Jersey's parol statute has established such an entitlement. See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992).

## III.     Discussion

Petitioner seeks a writ of *habeas corpus* because he claims that the Board's decision to deny him parole and to impose an extended FET outside of the Board's administrative guidelines violated his constitutional rights. In addition, Petitioner claims that he received untimely parole hearings in violation of his constitutional rights. Respondents argue that the Board afforded Petitioner the process he was due, and the Board's decision is amply supported by the record. Petitioner has not demonstrated that his Constitutional rights have been violated nor has Petitioner established that the New Jersey State Court's affirmation of the Board's decision was contrary to or unreasonable in consideration of federal law.

Petitioner claims that his parole eligibility date was incorrectly calculated resulting in untimely parole hearings. Respondent points out that Petitioner's claim contains a procedural defect. Nonetheless, as explained by Respondent, this claim does not state a constitutional violation, and

therefore, does not entitle Petitioner to habeas relief under 28 U.S.C. §2254(d). Due process "does not include receiving a parole hearing in exact accordance with the time period specified by N.J.S.A. 30:4-1.55 (c)." Johnson v. Paparozzi, 219 F.Supp.2d 635, 642 (D.N.J. 2002)(citation omitted). Furthermore, "'any procedural errors are generally cured by holding a new hearing in compliance with due process requirements.'" Id. Therefore, even if Petitioner's parole hearings were untimely, any error was cured once the hearings took place.

Petitioner asserts that his rights to due process and equal protection were violated because the Board imposed an extended FET outside of the Board's administrative guidelines governing FETs. Petitioner's claim is without merit. N.J.A.C. 10A:71-3.11 establishes twenty-three factors that must be considered when imposing an extended FET. These factors and the guidelines established generally at N.J.A.C. 10A:71-3.11 have been found to satisfy due process. Johnson, 219 F.Supp.2d at 642-643. The Board considered these factors when it imposed upon Petitioner a sixteen-year FET. The Court concurs with the Appellate Division that the imposition of a sixteen-year FET was appropriate and in accordance with Board regulations. Petitioner asserts that he has suffered an equal protection violation because other inmates who have committed crimes comparable to his and who had less impressive prison records than his "received greater consideration from the New Jersey State Parole Board." This claim fails because Petitioner "has not demonstrated how those persons, allegedly 'similarly situated' to him, received favorable treatment by the Board, or that he is part of a disfavored group which is being discriminated against." Johnson, 219 F.Supp.2d at 644. As is well recognized, a parole decision is a highly individualized determination. Id. The Board renders a decision based not only on an inmate's paper history, but on the parole hearing interview, during which the Board panel gains firsthand knowledge of a particular inmate's insight into his behavior and rehabilitative progress. Id. Although it may appear to Petitioner that he is being treated

6

differently than similarly situated persons, the record does not support Petitioner's belief.

Petitioner alleges that his right to due process under the Fourteenth Amendment has been violated. Petitioner argues that the Board's decision to deny parole and impose a sixteen-year FET was not based on the relevant legal standard for parole release decisions, namely, the substantially likelihood that he would commit another crime if released on parole. Petitioner claims that the Board's decision was really based on the fact that he failed to participate in a program that had been previously recommended by the Board. The Appellate Division found that the Board properly denied Petitioner parole based upon a finding that there was a substantial likelihood that he would commit a crime if released on parole, and set the FET based on Petitioner's lack of rehabilitative progress while incarcerated. The Board's decision comported with Petitioner's due process rights under the Fourteenth Amendment.

The New Jersey State Court's decision affirming the Board's decision to deny Petitioner parole and impose a sixteen-year FET was based upon a reasonable determination of the facts and is not contrary to federal law.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of the Court that Petitioner's application for a writ of *habeas corpus* is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Date:         January  23 , 2009
Orig.:        Clerk
cc:           Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File